# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PCII REO LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BETTY CUMMINGS et al,<br><br>*Defendants*. | Civil Action No. 17-6628 (JMV)(JBC)<br><br>**OPINON & ORDER** |

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Defendant/Counter-Claimant Roland Garnes' notice of removal from the Superior Court of New Jersey, Special Civil Part, in Essex County, D.E. 1, and his subsequent application to proceed *in forma pauperis*. D.E. 3.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). If Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs. However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

As a threshold matter, Plaintiff has not set forth a basis for the Court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or

the other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)). "Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

In this matter, Garnes invokes federal question jurisdiction. D.E. 1 at 2; D.E. 1-3. As to his alleged causes of action, Garnes refers to 42 U.S.C. § 1983 and indicates a lack of "Due Process, theft by deception, intrinsic and extrinsic fraud." D.E. 1-3. Thus, it appears that Garnes is invoking federal question jurisdiction pursuant to Section 1983.

As noted, the matter was removed from the Superior Court of New Jersey, Special Civil Part, in Essex County. D.E. 1-2 at 1. The underlying matter appears to center around Plaintiff holding a tax sale certificate for a property located in East Orange, New Jersey. *Id.* at 9, 11. According to Plaintiff, no one offered to pay (or paid) the outstanding balance due on the tax certificate for more than two years after Plaintiff acquired the tax certificate. *Id.* at 9. Defendant Garnes appears to be claiming that in connection with the Essex County court proceedings, a false

verification was filed by Plaintiff so that any judgment obtained would be fraudulent and "void on its face." *Id.* at 4.

While invoking jurisdiction pursuant to Section 1983, Defendant Garnes' allegations are clearly deficient. For example, there is no "state actor" as required by Section 1983; instead the case seems to involve a dispute among a private entity (Plaintiff) and private citizens (including Defendant Garnes).[1] Moreover, neither theft by deception nor common law fraud raise federal questions. Because there is no federal question, the Court lacks subject matter jurisdiction.

Accordingly, and for good cause shown,

IT IS on this 28th day of September, 2017;

**ORDERED** this matter is **REMANDED** to Superior Court of New Jersey, Essex County, because this Court lacks subject matter jurisdiction; and it further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Defendant Garnes by certified mail return receipt; and it is further

**ORDERED** that the Clerk's Office shall close the above-captioned matter.

John Michael Vazquez, U.S.D.J.

---

[1] Although not raised by Defendant Garnes, there also appears to be no basis for diversity citizenship. Citizenship of an LLC, like Plaintiff, is determined by the respective citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Defendant Garnes makes no showing that every member of the LLC is not domiciled in New Jersey. Yet, even if no member of the LLC was domiciled in New Jersey, the amount in controversy does not satisfy the statutory minimum of $75,000. 28 U.S.C. §1332(b). The underlying tax lien (inclusive of interest, fees, and expenses), is under $62,000. D.E. 1-2 at 9.

3